Peter A. Quinn, J.
The landlord brings this article 78 proceeding to annul the determination of the Kent Administrator upholding an order of the District Rent Director reclassifying the subject premises as an unfurnished apartment and establishing, pursuant to section 36 of the City Rent Regulation, the maximum rent therefor.
The petitioner argues with merit that the proceeding as initiated by the respondent under section 34.2 of the City Rent Regulations should not have been determined under section 36 of the same.
Sections 34.2 and 36 of the City Rent Regulations both provide for the imposition of administrative sanctions, but in different ways. Section 34.2 provides for a rent decrease for reduction of services without disturbing the already established maximum rent, while section 36, employed here in conjunction with section 35 (subd. e) deems the maximum rent in dispute and establishes it. Due process required the petitioner to be duly informed of the particular regulation under which proceedings were being taken against him. The administrative commingling of procedures and penalties under different regulations is arbitrary and against one of the basic tenets of procedural law.1 ‘ Although two different statutory provisions provide alternative procedures for dealing with the same situation, their validity may not for that reason be drawn in question, and equal protection of the law is not denied because the legislature did not provide a standard by which to determine which of the two procedures should be pursued in a given case. However, due process requires that a person be informed as to which statute is the basis for the proceeding against him, and orderly procedure requires that a determination should be made under the same statute which is the basis for the proceeding” (1 N. Y. Jur., Administrative Law, § 119, pp. 472-473).
Accordingly, in view of the foregoing the petition is granted to the extent of remitting the matter to the respondent for further proceedings not inconsistent with this decision.
*693 (Reargument, August 13, 1968.)
This is a motion by respondent for reargument and a cross motion for reargument by the petitioner. The instant motion and cross motion are granted. Upon reargument the court recognizes that it overlooked the fact that petitioner was granted de novo reconsideration of its knowingly asserted protest against the grant of an order under section 36 of the rent regulations. The court recalls its decision of May 2, 1968 and now decides the original motion as follows:
The petitioner contends that the respondent erred in arriving at a decision on the basis of section 36 of the City Rent Regulations because the protest by the tenant had been made on the basis of section 34.2 of such regulations. It appears that whenever an application is made to the rent commission by a tenant for a rent reduction in every case he is furnished with a printed form under section 34.2 of the regulations, there being no printed forms made available by the respondent for an application under section 36 of the regulations. Of course a tenant may, if he be so well informed, prepare his own application for a reduction pursuant to section 36 of the regulations other than on the printed forms available at the rent commission. In considering the application of the tenant for a reduction of rent respondent usually makes its decision on the basis of the section of the regulations applicable under the facts even though the form filed by the tenant may seem to indicate that the application is made solely under section 34.2 of the regulations. In this case the respondent made its findings and decision on the basis of section 36 of the regulations. The petitioner knowing the order to have been made under section 36 made formal protest against the grant of the order as a section 36 order and was granted reconsideration as provided for by law. When a protest is made, the Administrator invariably considers the proceedings de novo. Here, the administrator after a de novo inquiry into the merits as raised by petitioner’s protest against the grant of a section 36 order found that the determination of rent pursuant to section 36 was proper. It would then appear that the petitioner was not actually prejudiced because the form initiating the proceeding was a section 34.2 form while the determination was made under section 36; since at the time of protest resulting in a de novo inquiry, petitioner well knew the proceeding was in fact based on section 36 and not on section 34.2.
The petitioner upon reargument again urges that the direction for a refund of rent is invalid since no such power is granted by statute and the rent regulation promulgated by *694 respondent to that effect is without authority of law. In determining the effect of the statute its provisions must he read as a whole and its full intendment gleaned therefrom. Title Y of chapter 51 of the Administrative Code of the City of New York which deals with Residential Rent Control says at section Y515.0 (subd. h, par. 2) that the “ agency may provide regulations to assure the maintenance of the same living space, essential services, furniture, furnishings and equipment as were provided on the date determining the maximum rent, and such agency shall have power by regulation or order to decrease the maximum rent ”. ¡Subdivision i of section Y51-5.0 says that “ Any # * # or¿[er * * * pursuant to this section 0 * *
may provide for such adjustments and reasonable exceptions as in the judgment of the city rent agency are necessary or proper in order to effectuate the purposes of this title.” While subdivision j of section Y51-5.0 provides that “ No increase or decrease in maximum rents shall be effective prior to the date on which the order therefor is issued ’ ’, subdivision k provides that ‘ ‘ Regulations, orders and requirements under this title may contain provisions as the city agency deems necessary to prevent the circumvention or evasion thereof.”
That title Y is intended to confer upon the city agency power to order refunds is evidenced by the language in subdivision f of section Y51-11.0, which says, among other things, that the city agency may “ bring an action against ” any landlord who ‘ ‘ violates any order of the city agency containing a directive that rent collected by the landlord in excess of the maximum rent be refunded ’ ’.
The city agency duly promulgated section 35 and section 36 of its regulations under the authority implicitly conferred upon it by title Y of the Administrative 'Code of the City of New York.
Paragraph c of section 35 provides in part that “ When the accommodations become vacant, the landlord may, prior to renting to a new tenant, decrease the dwelling space, essential services, furniture, furnishings or equipment. Within ten days after so renting, the landlord shall file a written report with the District Rent and Rehabilitation Director showing such decrease ”. Paragraph e of this regulation provides that “ If the landlord shall have failed to file an application or a proper and timely report, as required by paragraph a or c of this section, the maximum rent shall be deemed in doubt and the Administrator may issue an order fixing the maximum rent pursuant to section 36 of these Regulations ”. Paragraph c of section 36 provides that “ Where the landlord has failed to file an application or report required by * * * Sections *695 35(a) or 35(c) of these Regulations, the Administrator * * * may issue an order establishing the maximum rent by decreasing the previous maximum rent * * *. Such order shall establish the maximum rent as of the date of such decrease of * * * furniture * * * and may contain a directive that all rent collected by the landlord in excess of the maximum rent established under this paragraph for a period not exceeding two years prior to the date of the issuance of such order shall be refunded to the tenant within 30 days after such order shall become final.”
It is not denied that the landlord failed to comply with section 35 (subd. c) of the regulations.
It thus appears that the city agency in the adoption and promulgation of its regulations and issuance of its order thereunder acted well within the statutory powers conferred on it by title Y of the Administrative Code of the City of New York. The petition is dismissed.